IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Chad Funchess,<br><br>    Plaintiff,<br><br>v.<br><br>Blitz U.S.A., Inc., Palmetto Distributors of Orangeburg, LLC, Express Lane, LLC, Joseph E. Carroll, and Foley's, Inc.,<br><br>    Defendants. | No.:_____<br><br>**NOTICE OF REMOVAL** |

    1.    Please take notice that Defendant Blitz USA, Inc. ("Removing Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes the above-entitled action from the Court of Common Pleas for Orangeburg County, State of South Carolina, to the United States District Court for the District of South Carolina, Orangeburg Division.

    2.    As detailed herein, Removing Defendant is removing this action on the basis of diversity jurisdiction, insofar as the action is of a civil nature and involves a controversy wholly between citizens of different states with an amount in controversy in excess of the sum of Seventy Five Thousand and No/100 ($75,000.00) Dollars.

    3.    Consequently this action is one over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332.

    4.    Subject-matter jurisdiction exists in this case because discovery has disclosed that several of the Defendants (who, like Plaintiff, are allegedly South Carolina citizens) have been fraudulently joined and, as a result, their citizenship should be disregarded for purposes of determining whether complete diversity exists.

    5.    Plaintiff alleges that on August 15, 2007, he was pouring gasoline into a chainsaw from a portable plastic consumer gasoline container manufactured by Defendant Blitz ("Subject

Gas Can"). (See Ex. I ¶ 16). Plaintiff further claims that gasoline vapor from the Subject Gas Can was ignited, causing the Subject Gas Can to explode and spray burning gasoline onto him. (See id.).

## COMPLETE DIVERSITY OF CITIZENSHIP

**A.     Plaintiff Chad Funchess ("Plaintiff")**

6.     Plaintiff alleges that he is a citizen of the State of South Carolina. (See Ex. I ¶ 1).

**B.     Defendant Blitz USA, Inc. ("Blitz")**

7.     Plaintiff alleges that Defendant Blitz is an Oklahoma corporation with a principal place of business in Oklahoma. (See Ex. I ¶ 2).

8.     Therefore, for purposes of jurisdiction, Blitz is a citizen of the state of Oklahoma.

**C.     Defendants Palmetto Distributors of Orangeburg, LLC ("Palmetto") and Express Lane, LLC ("Express")**

9.     Plaintiff alleges that Palmetto and Express are South Carolina limited liability companies, with their principal places of business in South Carolina. (See Ex. I ¶¶ 3-4).

10.     For the reasons set forth herein, this Court should disregard the citizenship of Palmetto and Express because Plaintiff fraudulently joined those Defendants.

11.     Palmetto's and Express's Answers to Blitz USA, Inc.'s First Set of Interrogatories indicate that, at the time of the alleged sale of the Subject Gas Can (emphasis added):

> Chad Funchess was **the owner and sole proprietor** of Palmetto [and Express]. He was paid through a draw of the corporation and was in control of his work and the materials and equipment used to conduct his work.

(See Palmetto's Answers to Blitz USA, Inc's First Set of Interrogatories ¶ 9, at p.5 (Ex. A); Express's Answers to Blitz USA, Inc's First Set of Interrogatories ¶ 9, at p.5 (Ex. B)).

12.     This is the only evidence in this matter, and it discloses that Plaintiff was the sole owner, operator and employee of Palmetto and Express.

13.     Plaintiff himself provided the information used to prepare Palmetto's and Express's Answers to Blitz USA, Inc.'s First Set of Interrogatories. (See Ex. A ¶ 22, at p.10; Ex. B ¶ 22, at p.10).

14.     Upon information and belief, Plaintiff selected, hired, and is paying the attorney representing Palmetto and Express.

15.     In his Answers to Defendant Blitz USA, Inc.'s Second Interrogatories, served on June 2, 2010, Plaintiff indicated that he was not pursuing claims based on culpable conduct by Palmetto and Express. Rather, Plaintiff expressed that he was only asserting claims against Palmetto and Express because they were in the chain of distribution of the Subject Gas Can, pursuant to "S.C. Code Ann. 15-73-10(b)(2)(a) which imposes liability even when a seller 'has exercised all possible care in preparation and sale of his product.'" (See Ex. C ¶¶ 4-8).

16.     The documents produced by Palmetto and Express indicate only that Foley's, Inc. sold Blitz gas cans — not necessarily the Subject Gas Can — to Palmetto. (See Ex. D).

17.     Of note, there is no evidence of a subsequent sale of the Subject Gas Can by either Palmetto or Express.

18.     When asked to provide any records of the sale of the Subject Gas Can, Palmetto and Express responded only that: "Defendant has two invoices from Foley's, Inc. which identify Blitz plastic gas cans as part of Defendant's inventory." (See Ex. A ¶ 27, at p.12; Ex. B ¶ 27, at p.12).

19.     In his Answers to Blitz USA, Inc.'s Second Interrogatories to Plaintiff, when asked to do so, Plaintiff did not identify any sale of the Subject Gas Can to him or any sale of the Subject Gas Can by either Palmetto or Express:

> With respect to the Blitz container allegedly involved in the subject incident, state the place of purchase, the name of the retail purchaser, the retail price paid, the model of the container and the type of the spout, if any, on the container at the time of the incident.
>
> **ANSWER:** The subject 2-gallon Blitz container was designed, manufactured, and distributed by Defendant Blitz. Palmetto Distributor's, Inc. purchased the subject container from Foley's, Inc. in bulk for approximately $3. per container on different occasions in late 2005 and early 2007. The date Plaintiff acquired the subject container is unknown. Plaintiff also does not have the model of the container and can only recall that the spout was not a flexible plastic material.

(See Ex. ¶ 12).

20.     Based upon the discovery responses served (and responsive documents produced) by Plaintiff, Palmetto and Express, Removing Defendant believes that neither Palmetto nor Express ever actually sold the Subject Gas Can to Plaintiff or to anyone else. Even if there was a "sale" to Plaintiff by the limited liability companies he himself owned as "sole proprietor", according to Plaintiff's recent discovery responses, that could not create liability since it would have the impermissible effect of making Plaintiff liable to himself.

21.     It is clear that Plaintiff's claims against Defendants Palmetto and Express were asserted solely to prevent removal of the case to this Court. Accordingly, Plaintiff's naming of Defendants Palmetto and Express as non-diverse Defendants constitutes fraudulent joinder and does not defeat diversity jurisdiction.

22.     "To show fraudulent joinder, the removing party must demonstrate either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks omitted).

23.     There is no possibility that Plaintiff could establish liability against Palmetto and Express under the theory he asserts against them in his discovery responses for the following reasons, <u>inter</u> <u>alia</u>:

(a) The South Carolina statute that Plaintiff relies upon provides in relevant part:

> (1) **One who sells** any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm caused to the ultimate user or consumer, or to his property, if
>
> > (a)     The seller is engaged in the business of selling such a product, and
> >
> > (b)     It is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in subsection (1) shall apply although

  (a)  The seller has exercised all possible care in the preparation and sale of his product, and

  (b)  The user or consumer has not bought the product from or entered into any contractual relation with the seller.

<u>See</u> S.C. Code § 15-73-10 (emphasis added). It has become clear that neither Palmetto nor Express "sold" the Subject Gas Can to anyone, particularly to Plaintiff. To the contrary, the only evidence is that Palmetto — which is solely owned and operated by Plaintiff — **purchased** the Subject Gas Can. Without a sale by either Palmetto or Express, "chain of distribution" liability under the South Carolina statute simply cannot attach under any imaginable set of facts.

(b) Plaintiff himself is the exclusive owner and sole proprietor of Palmetto and Express. As such, he is seeking to essentially impose liability upon himself, which is impermissible. Because of the "sole proprietor" nature of Plaintiff's ownership of Palmetto and Express, from whom he takes draws, any judgment against those entities would effectively be judgments against Plaintiff himself. From these facts, appears that Plaintiff joined Palmetto and Express for the improper purpose of avoiding diversity jurisdiction.

(c) At the time of the accident, Plaintiff was working on behalf of Palmetto and/or Express. As a result, Plaintiff's claims against those entities would be barred by the exclusive remedy of workers compensation. <u>See</u> S.C. Code § 42-1-540.

  24.  As set forth above, Plaintiff cannot possibly establish liability against Palmetto and Express and, as a consequence, those entities have been fraudulently joined.

  25.  Therefore, for purposes of determining diversity of citizenship, this Court should disregard the citizenship of Palmetto and Express.

**D.**  <u>**Defendant Joseph E. Carroll ("Carroll")**</u>

  26.  Plaintiff alleges that Defendant Carroll is an individual who is a citizen of the state of South Carolina. (<u>See</u> Ex. I ¶ 5).

  27.  Defendant Carroll "worked as an 'independent contractor' salesman for the Defendant Foley's, Inc." (<u>See</u> Defendant Joseph E. Carroll's Answers to Interrogatories ¶ 1, at p.1 (Ex. E)).

  28.  "As a salesman, he [Carroll] took orders from customers for Foley's, Inc. and was paid on a commission basis." (<u>See</u> <u>id</u>. ¶ 3, at p.2).

  29.  It is clear that Plaintiff's claims against Defendant Carroll were asserted solely as an attempt to defeat removal of the case to this Court. Accordingly, Plaintiff's naming of

Defendant Carroll as a non-diverse Defendant constitutes fraudulent joinder and does not defeat diversity jurisdiction.

30. There is no possibility that Plaintiff could establish liability against Carroll under any theory for the following reasons, inter alia:

(a) The South Carolina statute that Plaintiff relies upon provides in relevant part:

> (1) **One who sells** any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm caused to the ultimate user or consumer, or to his property, if
>
> (a)   The seller is engaged in the business of selling such a product, and
>
> (b)   It is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in subsection (1) shall apply although
>
> (a)   The seller has exercised all possible care in the preparation and sale of his product, and
>
> (b)   The user or consumer has not bought the product from or entered into any contractual relation with the seller.

See S.C. Code § 15-73-10 (emphasis added). It has become clear that Carroll did not sell the Subject Gas Can to anyone, particularly to Plaintiff. Carroll was only an independent contractor sales representative of Foley's. As such, Carroll did not, by any stretch of the imagination, "sell" the Subject Gas Can to Plaintiff (or anyone else). Rather, he merely took orders for Carroll.

31. As set forth above, Plaintiff cannot possibly establish liability against Carroll and, as a consequence, that party has been fraudulently joined.

32. Therefore, for purposes of determining diversity of citizenship, this Court should disregard the citizenship of Carroll.

E.   **Defendant Foley's, Inc. ("Foley's")**

33. Defendant Foley's is a North Carolina corporation with a principal place of business in North Carolina. (See 2006 Business Corp. N.C. Annual Rep. (Ex. F).

34. Upon information and belief, Plaintiff has not properly served original process upon Defendant Foley's.

35. Defendant Foley's has not entered an appearance in this matter and has not answered Plaintiff's Complaint or Amended Complaint.

36. Therefore, for purposes of jurisdiction, Foley's is a citizen of the state of North Carolina.

F. **Conclusion**

37. In light of the foregoing, this Court should disregard the citizenship of Defendants Palmetto, Express and Carroll in determining whether complete diversity exists — because those parties were fraudulently joined.

38. Therefore, the remaining parties are Plaintiff (a South Carolina citizen) suing Defendant Blitz (an Oklahoma citizen) and Foley's (a North Carolina citizen).

39. For the reasons set forth above, there is complete diversity of citizenship.

## AMOUNT IN CONTROVERSY

40. The value of the matter in dispute in this case, upon information and belief, exceeds the sum of Seventy Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs, as it appears from the allegations contained in the Plaintiff's Complaint and Amended Complaint.

41. When asked to quantify and itemize the damages he seeks to recover in this matter, Plaintiff responded:

> Out of pocket medical expenses in excess of $8,000,000.00.
>
> Future medical expenses: To be determined.
>
> Past, present and future economic losses: To be determined.

(See Plaintiff's Answers to Blitz USA, Inc.'s First Set of Interrogatories ¶ 7, at p.4 (Ex. G)).

## OTHER REQUIREMENTS FOR REMOVAL

### A. Joinder

42. In light of the fraudulent joinder of Palmetto, Express and Carroll, those parties are not required to consent to or join in this notice of removal. See e.g., Brantley v. Vaughan, 835 F. Supp. 258, 260 n.2 (D.S.C. 1993) ("[I]n cases involving allegations of fraudulent joinder, consent of the alleged fraudulently joined party is not required.").

43. In light of the fact that Foley's has not been properly served and has not entered an appearance, it is also not required to join in or consent to this Notice of Removal. See Shaffer v. Northwestern Mut. Life Ins. Co., 394 F. Supp. 2d 814, 819 (N.D.W. Va. 2005) ("[A] co-defendant is not required to join or consent if it has not been served with the initial pleadings at the time the notice of removal is filed.").

### B. Notice of Removal Is Timely

44. The above-entitled action was instituted by Plaintiff against Defendants by Complaint filed on July 31, 2009. This action is pending in the Court of Common Pleas for Orangeburg County, State of South Carolina, under Civil Action Number 2009-CP-38-1257.

45. Removing Defendant filed this Notice of Removal within thirty (30) days of receipt of the papers from which it could first ascertain that this case is removable.

46. Specifically, on or about June 1, 2010, Removing Defendant received discovery responses from Palmetto and Express, which disclosed (for the first time), inter alia: (a) that Plaintiff was the sole owner and proprietor of Palmetto and Express; and (b) that there was no sale of the Subject Gas Can by either Palmetto or Express. (See Exs. A & B). In addition, Plaintiff's Answers to Defendant Blitz USA, Inc.'s Second Interrogatories, served on June 2, 2010, clarified that Plaintiff was not pursuing claims based on culpable conduct by Palmetto and Express and confirmed that neither Palmetto nor Express sold the Subject Gas Can. (See Ex. C). These papers allowed Removing Defendant to first ascertain that this case was removable because all "local" defendants had been fraudulently joined.

47.     Therefore, this Notice of Removal is timely filed within the 30-day period required by 28 U.S.C. Section 1446(b).

## C.     Other Requirements

48.     The state court in which this action was commenced is within this Court's district. Therefore, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

49.     Venue lies in this Court because Plaintiffs' action is pending in this District and Division. See 28 U.S.C. § 1391(a).

50.     Removing Defendant files this Notice and attach hereto a copy of all process, pleadings and Orders previously served upon it in this action:
- Plaintiff's Original Complaint (Ex. H)
- Plaintiff's Amended Summons and Complaint (Ex. I)
- Answer of Palmetto and Express to Amended Summons and Complaint (Ex. J)
- Answer of Carroll to Amended Summons and Complaint (Ex. K)
- Answer of Blitz to Amended Summons and Complaint (Ex. L).

51.     Pursuant to 28 U.S.C. § 1446(d), Removing Defendant will timely provide a copy of the Notice of Removal to the Clerk of Court for Orangeburg County.

52.     If any question arises as to the propriety of this removal, Defendant requests the opportunity to conduct discovery or brief any disputed issues, and to present oral argument in support of its position that this civil action is properly removable.

53.     Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter in this civil action.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, Removing Defendant Blitz USA, Inc. hereby removes this matter from the Court of Common Pleas for Orangeburg County to the United States District Court for the District of South Carolina, Orangeburg Division pursuant to this Court's diversity of citizenship jurisdiction.

                                            BARNWELL WHALEY PATTERSON
                                                & HELMS, LLC

By: _s/ Randell C. Stoney, Esq._____
    Randell C. Stoney, Jr., Esq.
    John W. Fletcher, Esq.
    P.O. Drawer H
    Charleston, SC 29402-0197
    Phone:  843-577-7700
    Fax:  843-577-7708
    rstoney@barnwell-whaley.com

    Michael J. Goldman, Esq.
    4000 Sun Trust Plaza
    303 Peachtree Street, N.E.
    Atlanta, GA 30308-3243
    Phone:  404-614-7471
    mgoldman@hplegal.com

Charleston, South Carolina                       **ATTORNEYS FOR DEFENDANT**
Dated: June 24, 2010                                  **BLITZ, U.S.A., INC.**

**TABLE OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---|---|
| A | Palmetto's Answers to Blitz USA, Inc's First Set of Interrogatories |
| B | Express's Answers to Blitz USA, Inc's First Set of Interrogatories |
| C | Plaintiff's Answers to Defendant Blitz USA, Inc.'s Second Interrogatories |
| D | Documents concerning sale of gas cans by Defendant Foley's, Inc. to Palmetto Distributors of Orangeburg, LLC |
| E | Defendant Joseph E. Carroll's Answers to Interrogatories |
| F | 2006 Business Corp. N.C. Annual Rep. |
| G | Plaintiff's Answers to Blitz USA, Inc.'s First Set of Interrogatories |
| H | Plaintiff's Complaint |
| I | Plaintiff's Amended Summons and Complaint |
| J | Answer of Palmetto and Express to Amended Summons and Complaint |
| K | Answer of Carroll to Amended Summons and Complaint |
| L | Answer of Blitz to Amended Summons and Complaint |

## CERTIFICATE OF SERVICE

I certify that on June 24, 2010, I mailed the foregoing document by First Class United States Mail, postage prepaid, to the following:

| | |
|---|---|
| Terry E. Richardson, Jr., Esq.<br>Daniel S. Haltiwanger, Esq.<br>Richardson, Patrick, Westbrook<br>    & Brickman, LLP<br>P.O. Box 1368<br>Barnwell, SC  29812<br>**Attorney for Plaintiff** | S. Kirkpatrick Morgan, Jr., Esq.<br>William P. Walker, Jr., Esq.<br>Walker & Morgan, LLC<br>P.O. Box 949<br>Lexington, SC  29071<br>**Attorney for Plaintiff** |
| Michael P. Horger, Esq.<br>Michael P. Horger, P.A.<br>Post Office Box 518<br>Orangeburg, SC  29116-0518<br>**Attorney for Defendant Joseph E. Carroll** | Robert D. Robbins, Esq.<br>Robert D. Robbins Attorney at Law, LLC<br>110 N. Main Street<br>Summerville, SC  29483<br>**Attorney for Defendants Palmetto Distributors of Orangeburg, LLC and Express Lane, LLC** |
| Foley's, Inc.<br>c/o Registered Agent Joseph L. Foley, III<br>1116 Foust St.<br>High Point, NC  27261 | |

*[signature]*
Legal Secretary