| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF ORANGEBURG ) | |
| ) | |
| Chad Funchess, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A #: 2009CP3801257 |
| vs. ) | |
| ) | |
| Blitz U.S.A., Inc., ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| and ) | |
| ) | |
| Palmetto Distributors of Orangeburg, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| Express Lane, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| Jeffrey Carroll, ) | |
| ) | |
| and ) | |
| ) | |
| Foley's, Inc., ) | |
| ) | |
| Defendants. ) | |

COMES NOW, Plaintiff, and sets forth his Complaint for Damages against each named Defendant and alleges as follows:

### PARTIES AND JURISDICTION

1.   Plaintiff Chad Funchess, is an individual, resident, and citizen of the State of South Carolina. On August 15, 2007, Plaintiff was severely burned when a portable plastic gasoline storage container manufactured by Defendant Blitz U.S.A., Inc., and sold by Defendant Jeffrey Carroll, Defendant Palmetto Distributors of Orangeburg, LLC, and

Exhibit H

Defendant Express Lane, LLC, exploded while in use in Orangeburg County, South Carolina.

2. Defendant Blitz U.S.A., Inc. (hereinafter "Blitz") is an Oklahoma corporation engaged in business in the State of South Carolina with its principal place of business in Miami, Oklahoma.

3. Defendant Palmetto Distributors of Orangeburg, LLC (hereinafter "PDO", is a South Carolina limited liability corporation with its principal place of business in Orangeburg, South Carolina.

4. Defendant Express Lane, LLC (hereinafter "Express") is a South Carolina limited liability corporation with its principal place of business in Orangeburg, South Carolina.

5. Defendant Jeffrey W. Carroll (hereinafter "Carroll") is an adult individual residing in Cayce, South Carolina. At all times material hereto, Defendant Carroll was an individual, citizen, and resident of the State of South Carolina.

6. Defendant Foley's Inc. (hereinafter "Foley's") is a North Carolina corporation engaged in business in the State of South Carolina with its principal place of business in Archdale, North Carolina.

7. Defendant Blitz has purposefully availed itself of the privilege of conducting business activities within the State of South Carolina by placing its products, including the portable gasoline container at issue in this matter, into the stream of commerce and by advertising its products and establishing retail facilities within the state.

8. Defendant Blitz derives substantial revenue from goods sold and used in the State of South Carolina.

9. Defendant Blitz does reasonably expect, or should reasonably expect, that its business activities could or would have consequences within the State of South Carolina.

10. Defendant Blitz has established continuous and systematic contacts with the State of South Carolina sufficient to confer general jurisdiction.

11. Defendant Foley's has purposefully availed itself of the privilege of conducting business activities within the State of South Carolina by placing products, including the portable gasoline container at issue in this matter, into the stream of commerce and by marketing and distributing its products within the state.

12. Defendant Foley's derives substantial revenue from goods sold and used in the State of South Carolina.

13. Defendant Foley's does reasonably expect, or should reasonably expect, that its business activities could or would have consequences within the State of South Carolina.

14. Defendant Foley's has established continuous and systematic contacts with the State of South Carolina sufficient to confer general jurisdiction.

15. Defendants are all subject to the jurisdiction and venue of this Court.

## FACTUAL ALLEGATIONS

16. On August 15, 2007, Plaintiff was attempting to operate a chainsaw and after briefly getting it started, the chainsaw ran out of gasoline. Plaintiff began to pour gasoline into the chainsaw from a portable plastic gasoline storage container

manufactured by Defendant Blitz and sold by Defendants Carroll, PDO, Foley's, and Express ("Subject Gas Can"). The gasoline vapor trail from the Subject Gas Can was ignited and the ignited vapor trail went back into the Subject Gas Can causing it to violently explode and spray burning gasoline onto the Plaintiff.

17. The Subject Gas Can manufactured by Defendant Blitz and sold by Defendants Carroll, Foley's, PDO, and Express was defective and unsafe for its intended purposes at the time it left control of the Defendants in that the container lacked any form of flame arrester, a necessary safety device that would have prevented the explosion and resulting injuries.

18. Prior to the incident that injured the Plaintiff the Defendants knew or should have known that gasoline containers that lack flame arresters are susceptible to flashback explosions.

19. As a direct and proximate result of the acts and omissions of each named Defendant, Plaintiff has been injured and otherwise suffered damages for which the Defendants are liable.

### COUNT I
### VIOLATION OF SOUTH CAROLINA'S "DEFECTIVE PRODUCTS ACT"
### (S.C. CODE ANN. § 15-73-10) – BLITZ

20. Plaintiff incorporates all paragraphs above as if fully stated herein.

21. That pursuant to South Carolina's "Defective Products Act" (S.C. Code Ann. § 15-73-10), Defendant Blitz is strictly liable for Plaintiff's injuries.

22. That Blitz sold the product in a defective condition unreasonably dangerous to users and consumers and caused catastrophic injuries to Plaintiff.

23. That Blitz is in the business of selling such portable plastic gasoline storage containers which lack flame arresters/flashback arresters and/or explosion suppression materials.

24. That the Subject Gas Can was in substantially the same, defective condition and was unreasonably dangerous to the user from the time of its design, manufacture, and sale by Defendants until the August 15, 2007, incident described herein.

25. That Blitz, as the manufacturer, failed to install a flame arrester/flashback arrester which serves as a safety device in portable plastic gasoline containers.

26. That Blitz's failure to install a flame arrester is the direct and proximate cause of the catastrophic injuries suffered by Plaintiff.

## COUNT II
### NEGLIGENCE & RECKLESSNESS – BLITZ

27. Plaintiff incorporates all paragraphs above as if fully stated herein.

28. That Defendant Blitz, having undertaken to design, manufacture, distribute, and sell portable gas containers, had a duty to do so in a reasonably safe manner.

29. That Defendant Blitz breached this duty and was negligent, reckless, willful, and wanton in the following respects:

    A. Failed to exercise due care when it designed, assembled, manufactured, distributed, marketed, and placed the unreasonably dangerous portable plastic gasoline container, which lacked a flame arrester/flashback arrester, into the

stream of commerce when Defendant Blitz knew, or should have known, it was unreasonably dangerous and unsafe for use;

  B. Failed to guard against hidden or latent defects;

  C. Designed and sold a portable gasoline container, the Subject Gas Can, with inadequate and unreadable warnings and/or instructions as to the hazards and/or risks involving ignition of gasoline vapors with flames escaping back into the container resulting in explosions;

  D. Failed to include explosion suppression material in the product design;

  E. Failed to include flame arresters/flashback arresters despite the economic feasibility of the inclusion of the flame arresters/flashback arresters in portable plastic gasoline containers;

  F. Knew, or had reason to know, that the product is dangerous for its intended use;

  G. Failed to exercise that degree of care that a reasonably prudent person would have exercised under the same or similar circumstances;

  H. Despite knowledge of such dangers, Blitz intentionally and knowingly chose not to take action and failed to take proper precautions to make said gas containers safe; and

  I. Being otherwise negligent, reckless, willful, and wanton as will be revealed through discovery.

  30. As a direct and proximate result of the negligence, recklessness, willfulness, and wantonness of Defendant Blitz, the Subject Gas Can exploded, causing

the Plaintiff severe and catastrophic burn injuries covering approximately 43% of his body surface area.

31.     As a direct and proximate result of the negligence, recklessness, willfulness, and wantonness of Defendant Blitz, Plaintiff has suffered severe physical pain, disability, scarring, and disfigurement; mental anguish, permanent emotional scarring, psychological trauma, deprivation of normal life expectancy, and loss of enjoyment of life; and Plaintiff has permanently lost the ability to adequately take care of himself or others.

## COUNT III
### NEGLIGENCE *PER SE* – BLITZ

32.     Plaintiff incorporates all paragraphs above as if fully stated herein.

33.     Blitz's violation of South Carolina's "Defective Products Act" (S.C. Code Ann. § 15-73-10) constitutes negligence *per se*.

34.     Blitz owes a duty of care which arises from the "Defective Products Act"; Plaintiff Chad Funchess, as a user or consumer, is a member of the class of persons the statute was designed to protect; and the essential purpose of the "Defective Products Act" is to protect persons from injury resulting from an unreasonably dangerous product, the kind of harm suffered by the Plaintiff.

## COUNT IV
### VIOLATION OF SOUTH CAROLINA'S "DEFECTIVE PRODUCTS ACT" (S.C. CODE ANN. § 15-73-10) – DEFENDANTS CARROLL, FOLEY'S, PDO, & EXPRESS

35.     Plaintiff incorporates all paragraphs above as if fully stated herein.

36.     Pursuant to South Carolina's "Defective Products Act" (S.C. Code Ann. § 15-73-10), Defendants Carroll, PDO, & Express are strictly liable for Plaintiff's injuries.

37. That Defendants Carroll, Foley's, PDO, and Express sold the product in a defective condition unreasonably dangerous to users and consumers and caused catastrophic injuries to Plaintiff.

38. That Defendants Carroll, Foley's, PDO, and Express are in the business of selling such plastic portable gasoline storage containers which lack flame arresters/flashback arresters.

39. That the Subject Gas Can was in substantially the same condition from the time of its design, manufacture, and sale by Defendants Carroll, Foley's, PDO, and Express until the August 15, 2007 incident described herein.

40. That the Subject Gas Can was sold by Defendants Carroll, Foley's, PDO, and Express when it knew or should have known the product was in an unreasonably dangerous and defective condition.

41. That Defendants Carroll, Foley's, PDO, and Express sold Subject Gas Can despite the nature and function of the product that was unreasonably dangerous and unsafe when put to foreseeable use.

42. That the Subject Gas Can was not explosion proof and was unreasonably and inherently dangerous for its lack of a flame arrester/flashback arrester; Defendants Carroll, Foley's, PDO, and Express failed to adequately warn consumers and users of the unreasonably dangerous products' potential risks and hazards.

43. That Defendants Carroll, Foley's, PDO, and Express' actions and inactions regarding the sale of Blitz's portable plastic gasoline storage containers were the direct and proximate cause of Plaintiff's catastrophic injuries.

## COUNT V
### NEGLIGENCE – DEFENDANTS CARROLL, FOLEY'S, PDO, & EXPRESS

44    Plaintiff incorporates all paragraphs above as if fully stated herein.

45.    Plaintiff alleges that Defendants Carroll, Foley's, PDO, and Express sold, distributed, and placed into the stream of commerce the unreasonably dangerous Blitz's portable plastic gasoline storage containers.

46.    In derelict of their duty, Defendants Carroll, Foley's, PDO, and Express carelessly and negligently acted in the following particulars that directly and proximately caused the injuries and damages sustained by Plaintiffs:

   A.    Defendants Carroll, Foley's, PDO, and Express were negligent and failed to require that each portable plastic gasoline storage container was equipped with flame arresters/flashback arresters;

   B.    Defendants Carroll, Foley's, PDO, and Express were negligent and failed to require that each portable plastic gasoline storage container be explosion proof or, at a minimum, suppress explosions;

   C.    Defendants Carroll, Foley's, PDO, and Express sold the unreasonably dangerous portable plastic gasoline storage containers with inadequate, unreadable warnings and/or instructions on said product as to the dangers and/or risks involving gasoline vapors;

   D.    Knowing the defect, Defendants Carroll, Foley's, PDO, and Express failed to protect foreseeable users of the portable plastic gasoline storage container by selling the container to those members of the unsuspecting public without requiring that the defect be remedied and that the warning be changed; and

E.  Being otherwise negligent and careless as will be revealed through discovery.

47. Plaintiff, as a direct and proximate result of the defective and unreasonably dangerous condition of the product, suffered serious burn injuries covering 43% of his body surface area.

48. As a direct and proximate result of the negligence and carelessness of Defendants Carroll, Foley's, PDO, and Express, Plaintiff has suffered severe physical pain, disability, scarring, and disfigurement; mental anguish, permanent emotional scarring, psychological trauma, deprivation of normal life expectancy, and loss of enjoyment of life; and Plaintiff has permanently lost the ability to adequately take care of himself or others.

## COUNT VII
### NEGLIGENCE *PER SE* – DEFENDANTS CARROLL, FOLEY'S, PDO, & EXPRESS

49. Plaintiff incorporates all paragraphs above as if fully stated herein.

50. Defendants Carroll, Foley's, PDO, and Express' violation of South Carolina's "Defective Products Act" (S.C. Code Ann. § 15-73-10), constitutes negligence *per se*.

51. Defendants Carroll, Foley's, PDO, and Express owe a duty of care which arises from the "Defective Products Act"; Plaintiff, as a user or consumer, is a member of the class of persons the statute was designed to protect; and the essential purpose of the "Defective Products Act" is to protect persons from injury resulting from an unreasonably dangerous product, the kind of harm suffered by the Plaintiff.

## COUNT VIII
### BREACH OF EXPRESS AND IMPLIED WARRANTIES – ALL DEFENDANTS

52. Plaintiff incorporates all paragraphs above as if fully stated herein.

53. That prior to, and at all times mentioned herein, Defendants expressly and/or impliedly warranted that the Subject Gas Can was properly designed and manufactured, that it was of merchantable quality and reasonably fit for the purposes for which it was intended to be used, and that it was safe for such use.

54. That Subject Gas Can and/or the design thereof was defective, unreasonably dangerous, unfit for the purposes for which it was intended, and did not conform to Defendants' express or implied warranties, whereby the Defendants breached the express and implied warranties.

55. As a direct and proximate result of the Defendants breach of the express and implied warranties, Plaintiff suffered severe and catastrophic burn injuries covering 43% of his body surface area.

56. As a direct and proximate result of the Defendants breach of the express and implied warranties, Plaintiff has suffered severe physical pain, disability, scarring, and disfigurement; mental anguish, permanent emotional scarring, psychological trauma, deprivation of normal life expectancy, and loss of enjoyment of life; and Plaintiff has permanently lost the ability to adequately take care of himself or others.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For actual damages according to proof;

B. For compensatory damages as permitted by law;

C.  For statutory damages as permitted by law;

D.  For punitive damages as determined by the trier of fact;

E.  For all costs of Court; and

F.  For such other relief as is just and proper.

FURTHER WHEREFORE, Plaintiffs demand a jury trial on all issues set forth herein to the extent permitted by law.

This the 31 day of July, 200_.
Barnwell, South Carolina

*[signature]*

Terry E. Richardson, Jr. (SC Bar #004721)
E-Mail: trichardson@rpwb.com
Daniel S. Haltiwanger (SC Bar #15705)
E-Mail: dhaltiwanger@rpwb.com
RICHARDSON, PATRICK, WESTBROOK
    & BRICKMAN, L.L.C.
P. O. Box 1368
1730 Jackson Street
Barnwell, SC 29812
Telephone No.: (803) 541-7850
Fax No.: (803) 541-9625

S. Kirkland Morgan, III
WALKER & MORGAN, LLC
E-Mail: KM@walkermorgan.com
P.O. Box 949
Lexington, SC 29071
Telephone No.: (803)359-6194
Fax No.: (803)957-4584

ATTORNEYS FOR PLAINTIFF

Barnwell, South Carolina