IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Chad Funchess ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: 5:10-cv-01634-MBS |
| Blitz U.S.A., Inc., Palmetto ) | |
| Distributors of Orangeburg, LLC, ) | |
| Express Lane, LLC, Joseph E. ) | |
| Carroll, and Foley's Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MOTION TO REMAND AND**
**SUPPORTING MEMORANDUM OF LAW**

Plaintiff Chad Funchess respectfully moves this Court, pursuant to 28 U.S.C. § 1447, requesting the Court remand this case. As explained in the supporting memorandum of law that is contained within this motion, Plaintiff is entitled to an Order remanding this action to State court because no basis exists on which this Court may properly exercise jurisdiction.

**I.   This Action Must Be Remanded Because Blitz Failed To Meet Its "Heavy Burden" Of Proving Fraudulent Joinder To Support Diversity Jurisdiction**

   **a. Citizenship and Residency of the Parties**

Plaintiff's Complaint alleges a chain of distribution of the subject gasoline container that injured Chad Funchess as follows:

-Blitz U.S.A., Inc. (Oklahoma corporation with principal place of business in Oklahoma). Complaint ¶ 2.

1



-Foley's Inc. (North Carolina corporation with principal place of business in North Carolina). Complaint ¶ 6.



-Joseph E. Carroll (Citizen and resident of South Carolina). Complaint ¶ 5.



-Palmetto Distributors of Orangeburg, LLC (South Carolina LLC with principal place of business in South Carolina). Complaint ¶ 3.



-Express Lane LLC (South Carolina LLC with principal place of business in South Carolina). Complaint ¶ 4.



-Plaintiff Chad Funchess (Citizen and resident of South Carolina). Complaint ¶ 1.

Defendant Blitz cannot establish that all four defendants in the chain of distribution between itself and Funchess have joined in the removal petition as required by the removal statute. *See* 28 U.S.C. § 1446(a)-(b). Additionally, Blitz fails to support its argument that Defendants Carroll, Palmetto Distributors of Orangeburg, LLC, and Express Lane, LLC are fraudulent defendants justifying ignoring citizenship for purposes of removal. Based on these failures, and the fact that jurisdiction is proper in South Carolina State court, the case should be remanded.

    **b.**    **Standard for Removal**

Diversity jurisdiction is lacking under 28 U.S.C. § 1332 and § 1441(b) because Plaintiff Chad Funchess as well as Defendants Joseph E. Carroll, Palmetto Distributors of Orangeburg, LLC, and Express Lane, LLC, are all citizens and residents of South

Carolina. Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over a case if the case involves citizens of different states and the amount in controversy exceeds $75,000. The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant. *See Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). As shown by the Complaint, this case lacks complete diversity because the Plaintiff is a South Carolina resident and Defendants Joseph E. Carroll, Palmetto Distributors of Orangeburg, LLC, and Express Lane, LLC, are also South Carolina residents.

Additionally, 28 U.S.C. § 1441(b) requires that none of the removed defendants be a "citizen of the State in which such action is brought." *Id.* Only when the defendant can show that the joining of the non-diverse and in-State defendants has been fraudulent may the action be removable. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). In this case, three properly joined and served defendants share citizenship with the Plaintiff and are located in the State in which the action has been brought.

The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). The court is obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* Section 1447(c) of the United States Code provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Dixon*, 369 F.3d at 816 (internal citations omitted).

## II.     All Served Defendants Failed to Join in Removal

3

This case should be remanded because Defendant Blitz U.S.A., Inc. failed to obtain the required consent of Defendants Foley's Inc., Joseph E. Carroll, Palmetto Distributors of Orangeburg, LLC, and Express Lane, LLC. "[A]ll defendants must affirmatively and unambiguously assert their desire to remove the case to federal court." *Creekmore v. Food Lion, Inc*., 797 F. Supp. 505, 509 (E.D. Va. 1992); *McKinney v. Rodney C. Hunt Co.*, 464 F. Supp. 59, 63 (W.D.N.C. 1978) (where at least one properly joined defendant fails to join in removing defendant's petition for removal, case must be remanded to state court). Blitz having failed to obtain the consent of all the defendants to removal, the case must be remanded to state court.

### III. Defendant Foley's Inc. is a Properly Served Defendant Not Joining in Removal

It is undisputed that Defendant Blitz U.S.A., Inc. failed to obtain the consent of Defendant Foley's Inc. In an apparent attempt to explain its failure, Blitz's Petition for Removal states: "Upon information and belief, Plaintiff has not served original process upon Defendant Foley's." *See* Answer of Defendant Blitz U.S.A. ¶ 34. The statement is not supported by any affidavit or reference to the record and, thus, fails to satisfy Blitz U.S.A., Inc.'s heavy burden to establish facts supporting removal. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) ("[T]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper"). Blitz offers no evidence in support of its contention that Foley's has not been properly served. Blitz's attorney's bare assertion of that fact "upon information and belief" is not sufficient.

Moreover, service was effected on Defendant Foley's, Inc. on September 29, 2009 when the South Carolina Secretary of State accepted service on Defendant Foley's,

4

Inc.'s behalf.  *See* Exhibit A, Affidavit of C. Peggy Rosier.  Process was properly served upon Foley's, Inc. via the South Carolina Secretary of State because Foley's, Inc., is a foreign corporation that transacted business in South Carolina without authorization.  *See* S.C. Code Ann. § 15-9-245.[1]  In a letter dated October 14, 2009, the South Carolina Secretary of State unambiguously confirmed that it has accepted service on Foley's Inc.'s behalf.  This letter provides: "Service was accepted on September 29, 2009 and a copy has been duly filed in our office as of this date.  The fee of $10.00 has been paid."  *See* Exhibit A, Affidavit of C. Peggy Rosier.  Service upon Foley's Inc. was effective at the time the Secretary of State accepted service.  *See Holman v. Warwick Furnace Co.,* 318 S.C. 201, 204, 456 S.E.2d 894, 896 (1995) ("We hold that service pursuant to § 15-9-245 is effective upon delivery of the S&C [summons and complaint] to the Secretary of State.").  Accordingly, service was effected on Foley's Inc. on September 29, 2009 and Blitz's unsupported allegation to the contrary fails to carry its heavy burden.[2]

Defendant Blitz U.S.A., Inc. failed to obtain Defendant Foley's Inc.'s consent to remove this action as required by 28 U.S.C.A. § 1446.  Accordingly, the notice of removal is defective and this matter should be remanded.

**IV.     Defendant Joseph E. Carroll Is A Properly Joined, Non-Diverse Defendant**

---

[1] § 15-9-245(a) provides: "Every foreign business or non profit corporation which is not authorized to do business in this State, by doing in this State, either itself or through an agent, any business, including any business activity for which authority need not be obtained as provided in Section 33-15-101, is considered to have designated the Secretary of State as its agent upon whom process against it may be served in any action or proceeding arising in any court in this State out of or in connection with the doing of any business in this State."

[2] Note that Plaintiff has obtained an Entry of Default against Foley's Inc.  This Entry of Default, however, does not excuse Blitz U.S.A., Inc.'s failure to obtain Foley's consent.  Significantly, Foley's, Inc. still has the ability to appear and contest damages pursuant to Rule 55, SCRCP.  Thus, Foley's Inc.'s rights are impacted by the choice of forum between South Carolina state and federal courts.  As such, Blitz USA, Inc. is required to obtain Foley's Inc.'s consent under 28 U.S.CA. § 1446.

### A.    Heavy Burden for Proving Fraudulent Joinder

The defendant has the burden of demonstrating, by clear and convincing evidence, that a party was fraudulently joined.  "To show fraudulent joinder, the removing party must demonstrate either:

(1) outright fraud in the plaintiff's pleading of jurisdictional facts or

(2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."

*Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and citations omitted).  "The party alleging fraudulent joinder bears a heavy burden--it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor."  *Id.*  "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  *Id.*  The plaintiff need not establish that he will ultimately succeed on his claims; "[t]here need be only a slight possibility of a right to relief."  *Id.* at 425-26.

### B.    Defendant Carroll Sold the Subject Gas Can to Palmetto Distributors

Defendant Blitz acknowledges that Carroll is the salesman that actually took the purchase order from Palmetto Distributors and in turn placed that order with Foley's Inc. and was paid a commission for the sale.  Neither Blitz nor Carroll asserts that Carroll was an employee or agent of Foley's but rather both defendants acknowledge Carroll was "an independent contractor salesman."  No party disputes that Carroll is the link in the sales chain between Foley's Inc. and Palmetto Distributors.

Blitz's cites no authority for its assertion that this independent ***sales***man who was paid money out of his ***sale*** of the gas can did not actually "sell" the gas can as contemplated by S.C. Code Ann. § 15-73-10.  South Carolina has legislatively adopted

the Comments to Section 402A of Restatement of Torts (Second).  *See* S.C. Code Ann. § 15-73-30.  Comment F to Comments to Section 402A of Restatement of Torts (Second) states:

> *f. Business of selling*.  The rule stated in this Section applies to any person engaged in the business of selling products for use or consumption. It therefore applies to any manufacturer of such a product, to any wholesale or retail dealer or distributor, and to the operator of a restaurant. It is not necessary that the seller be engaged solely in the business of selling such products. Thus the rule applies to the owner of a motion picture theatre who sells popcorn or ice cream, either for consumption on the premises or in  packages to be taken home.

This "stream of commerce" approach adopted by the Restatement (Second) places strict liability on all the links in the commercial chain.  *See Becker v. IRM Corp*., 38 Cal. 3d 454, 459, 698 P.2d 116, 119 (1985); *Seattle-First Nat'l Bank v. Tabert*, 86 Wn.2d 145, 149 (Wash. 1975) ("Thus, such liability is extended to those in the chain of distribution. "); *see also Kasel v. Remington Arms Company*, 24 Cal. App. 3d 711, 723-4 (1972).  Courts have applied this doctrine to all the links in the commercial marketing chain to ensure that those who reap the economic benefit from participating in the enterprise should bear the cost of injuries caused by defective items they move through the marketplace.  *See Vandermark v. Ford Motor Company*, 61 Cal. 2d 256, 262-63 (1964); *see also Malloy v. Doty Conveyor*, 820 F. Supp. 217, 220 (E.D. Pa. 1993) ("[C]ourts have extended the definition of seller to include 'all suppliers in the chain of distribution, whether retailers, partmakers, assemblers, owners, sellers, lessors, **or any other relevant category**.'")(Emphasis added)(internal citations omitted).

No authority supports the position that an independent salesman (not an agent or employee) who actually meets with the customer and takes his order is not "any person engaged in the business of selling products."  *See* Comments to Section 402A of

7

Restatement of Torts (Second) cmt. F, supra. Furthermore, if there were a question about Carroll's status as a seller, the Court must still remand this case because all such questions of fact must be resolved in favor of the plaintiff. *See Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999). Carroll was one of several integral links in the supply chain allowing the movement of the Blitz container through the stream of commerce ultimately to the hands of Funchess. Carroll was not an employee or agent of Foley's but rather "an independent contractor salesman" who was paid to sell the gasoline container to Palmetto Distributors. Without Carroll's sale to Palmetto Distributors, the Blitz gas can could not have continued through the stream of commerce to arrive in the hands of Chad Funchess.

> **C.    Blitz' Removal Petition Does Not Address the Warranty or Negligence Claims Against Carroll**

The fraudulent joinder doctrine cannot be applied "if there is any colorable basis on which liability of the non-diverse defendant can be established. The very fact that the issue is arguable, in other words, defeats the fraudulent joinder doctrine." *See* Commentary on 1988 Revision of 28 U.S.C. § 1446. In its Petition, Blitz makes ***no*** specific argument against Plaintiff's breach of warranty cause of action, negligence cause of action, or negligence *per se* cause of action asserted against Defendant Carroll. Having only challenged Plaintiff's strict liability cause of action based upon S.C. Code Ann. § 15-73-10, Blitz has failed to carry the significant burden of proving the joinder of Carroll was fraudulent.

S.C. Code Ann. § 36-2-103(d) defines Defendant Carroll as a seller of the gasoline can. Under the South Carolina Commercial Code, "Seller" means "a person who sells or contracts to sell goods." Blitz has not disputed Carroll is the very

8

"salesman" who met with Palmetto Distributors and Carroll arranged the sale of the gasoline can to Palmetto Distributors. Claims under S.C. Code Ann. § 36-2-313 (express warranty), S.C. Code Ann. § 36-2-314 (implied warranty of merchantability), and S.C. Code Ann. § 36-2-315 (implied warranty of fitness for a particular purpose) are all sustainable against Carroll based upon his sale of the gasoline container to Palmetto Distributers.

Blitz also fails to address Plaintiff's negligence claim against Carroll. Removal jurisdiction is determined on the basis of the state court complaint at the time of removal, and the removing party bears the burden of establishing the existence of federal jurisdiction and establishing the right to removal. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). "[I]n a fraudulent joinder inquiry, federal courts do not weigh the merits of the plaintiff's claim beyond determining whether the claim is arguable under state law." 16 Moore's Federal Practice § 107.14[2][c] at p. 107-62.2 (3rd ed. 2006). In order to prove a negligence claim in South Carolina, the plaintiff must show: (1) defendant owes a duty of care to the plaintiff; (2) defendant breached the duty by a negligent act or omission; (3) defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) plaintiff suffered an injury or damages. *Doe v. Marion*, 361 S.C. 463, 470, 605 S.E.2d 556, 560 (Ct. App. 2004). The Plaintiff's complaint alleges all of the elements of a negligence cause of action including duty (Complaint ¶ 46), breach of duty (Complaint ¶ 46, A-E), proximate cause (Complaint ¶ 47), and damages (Complaint ¶ 48).

Once the court concludes that a valid cause of action has been stated against a defendant, a claim of fraudulent joinder as to that defendant fails. *See Floyd v. Ford*

*Motor Co.*, 2006 U.S. Dist. LEXIS 35205 at *6-7 (D.S.C. Apr. 18, 2006) (J. Seymour). This Court has made clear that even the potential of a successful affirmative defense "does not negate the fact that Plaintiffs have stated a valid cause of action." *Id.* at *6. Also, as in *Floyd v. Ford Motor Co.*, the removing defendant Blitz has asserted as an affirmative defense that plaintiff's alleged damages resulted from actions or omissions of the Plaintiff "**or other parties**, to whom fault should be fully assigned or apportioned." *See* Answer of Defendant Blitz U.S.A. ¶ 41. Blitz's argument that the same "other parties" are all fraudulently joined contradicts its own pleadings respecting the liability of Defendants Foley's Inc., Joseph E. Carroll, Palmetto Distributors of Orangeburg, LLC, and Express Lane, LLC.

### V.     Defendants Palmetto Distributors of Orangeburg, LLC and Express Lane, LLC Are Properly Joined, Non-Diverse Defendants

#### I.     The Plaintiff's Ownership Interest in These Defendants Does Not Make Them Fraudulent Defendants

Both Palmetto Distributors and Express Lane are limited liability companies formed in the state of South Carolina. *See* Complaint ¶¶ 3, 4. Under South Carolina law, limited liability companies are separate legal entities which can sue and be sued in their own name. *See* S.C. Code Ann. § 33-44-112(b)(1). This Code section specifically provides:

> **Nature of business and powers.**
> (b) Unless its articles of organization provide otherwise, a limited liability company has the same powers as an individual to do all things necessary or convenient to carry on its business or affairs, including power to:
> (1) sue and be sued, and defend in its name; ....

Additionally, South Carolina law specifically guarantees that a member of an LLC is able to sue the LLC. S.C. Code Ann. § 33-44-410 states:

10

> **Actions by members.**
> (a) A member or manager may maintain an action against a limited liability company or another member or manager for legal or equitable relief, with or without an accounting as to the company's business, to enforce:
> …
> (3) the rights that otherwise protect the interests of the member, including rights and interests arising independently of the member's relationship to the company.

In at least one reported case a member of a South Carolina LLC has sued his own LLC. *Historic Charleston Holdings, LLC v. Mallon*, 365 S.C. 524, 617 S.E.2d 388 (Ct. App. 2005), *reversed by* 381 S.C. 417, 673 S.E.2d 448 (2009). Additionally, if there was a dispute about whether a member of an LLC can sue the LLC, such a question of law would have to be resolved in favor of the Plaintiff opposing removal. *See Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999).

## Conclusion

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[R]emand for lack of diversity jurisdiction is not discretionary." *Straus v. Straus*, 987 F. Supp. 52, 55 (D. Mass. 1997). In this case diversity does not exist because:

a. Not all of the served defendants joined in removal as required by 28 U.S.C. § 1446(a)-(b);

b. Defendants Joseph E. Carroll, Palmetto Distributors of Orangeburg, LLC, and Express Lane, LLC, are properly joined, South Carolina resident defendants and thus this case lacks complete diversity as required by 28 U.S.C. § 1441(b).

For the reasons explained above, Plaintiff respectfully requests that the Court remand this case to state court where it was originally filed.

Respectfully submitted, this __15__ day of July, 2010.

   ___s/ Daniel S. Haltiwanger
Terry E. Richardson, Jr.
E-Mail:  trichardson@rpwb.com
Daniel S. Haltiwanger
E-Mail:  dhaltiwanger@rpwb.com
Matthew D Hamrick
E-Mail:  mhamrick@rpwb.com
RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC
P.O. Box 1368
Barnwell, SC 29812
Tele No.:  (803) 541-7850
Fax: (803) 541-9625

William P. Walker, Jr.
E-Mail:  bw@walkermorgan.com
S. Kirkpatrick Morgan, Jr.
E-Mail:  km@walkermorgan.com
Walker & Morgan, LLC
135 East Main Street
P.O. Box 949
Lexington, SC 29072
Tele No.: (803) 359-6194
Fax: (803) 957-4584

Diane Breneman
*Admitted Pro Hac Vice*
E-Mail:  db@litigationkc.com
Breneman Dungan
311 Delaware
Kansas City, MO 64105
ATTORNEYS FOR PLAINTIFF   Telephone No.:  (816) 421-0114